### FOSTER *v.* INGHAM CIRCUIT JUDGE.

CIRCUIT COURT COMMISSIONERS—MASTER IN CHANCERY—COMPENSATION.

3 Comp. Laws, § 11219, provides that circuit court commissioners shall be allowed a certain amount per folio for drawing every report, and the schedules annexed thereto, under an order of reference, and a certain amount for certifying each exhibit shown to a witness. A commissioner was appointed master in chancery to examine the account of a bank receiver, and make report to the court of his conclusions in relation thereto. There was no contest, and all the vouchers and exhibits had been filed with the court, and were part of the records. The commissioner swore the receiver, and took down his testimony, which he returned with his report, but which he was not required to do under the order. *Held*, that the commissioner acted in a judicial, and not in a ministerial, capacity, his duty being to pass on the receipts and expenditures, and determine their legality; and that he was not entitled to the compensation fixed by the statute for taking such testimony and certifying to the exhibits.

*Mandamus* by Charles W. Foster, circuit court commissioner of Ingham county, to compel Howard Wiest,

circuit judge of said county, to allow a claim for compensation. Submitted September 24, 1901. Writ denied October 1, 1901.

The receiver of the Central Michigan Savings Bank tendered his resignation, and filed his account with the circuit court for the county of Ingham, in chancery. His resignation was accepted, and the relator, a circuit court commissioner, was appointed as master in chancery to examine said account, and make report to the court "of his doings in the premises, and of his conclusions as to such matters of account." He was authorized by the order to examine witnesses, if necessary. The account extended over several years, and involved an examination of many vouchers and exhibits,—1,002 in number. There was no contest. The relator swore the receiver and his clerk, and took 951 folios of testimony, which he returned with his report. The vouchers and exhibits had all been filed with the court, and were part of the records in the case. Upon filing his report, the court, through Judge Person, the then circuit judge, entered an order allowing relator $315 for his services. Subsequently he presented to the court a petition for further compensation. This claim consisted of the following items:

| | | |
|---|---:|---:|
| 951 folios in the commissioner's report, at 20 cents per folio | $190 | 20 |
| Certifying to 1,002 exhibits, at 25 cents each | 250 | 50 |
| Swearing four witnesses, at 25 cents each | 1 | 00 |
| Issuing and serving seven citations | 2 | 50 |
| Two adjournments, at 50 cents each | 1 | 00 |
| Total | $445 | 20 |

The court refused to allow the two items for 951 folios and for certifying 1,002 exhibits. The relator asks the writ of *mandamus* to compel their allowance.

*Charles F. Hammond*, for relator.

*Rollin H. Person*, for respondent.

GRANT, J. (*after stating the facts*).    The court held that the $315 was a reasonable allowance for the services rendered.    Relator claims that his fees for these two items are fixed by section 11219, 3 Comp. Laws.    The clauses of the statute relied on are that the commissioner shall be allowed "for drawing every report, and all schedules to be thereto annexed, in pursuance of an order of reference to him (except in case of reference to compute amount due on mortgage), 20 cents for each folio," and "for certifying each exhibit shown to a witness, 25 cents."

The relator, as master in chancery, was not acting in a ministerial, but in a judicial, capacity.    He was not directed by the order to take and return to the court testimony for its action.    It is doubtful if he was required to reduce to writing any testimony which he deemed it proper to take.    He was to pass upon the various receipts and expenditures of the receiver's account, and determine whether they were legal, correct, and proper.    All the exhibits were already in court, and were not shown a witness, within the meaning of the statute.

The order denying the petition was correct, and the writ is denied.

The other Justices concurred.